IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JONATHAN FRANKLIN WADKINS,
SANDRA KAY WADKINS, and
FRANKLIN MARTIN WADKINS                                            PLAINTIFFS

v.                                             CIVIL ACTION NO. 1:14-cv-00209-GHD-DAS

KEISHA ELIZABETH WERNER and
JOHN ALLEN WERNER, III                                              DEFENDANTS

## MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART PARTIES' AMENDED JOINT MOTION FOR EXTENSION OF DEADLINES

Presently before the Court is the parties' amended joint motion for extension of deadlines [37] to file a motion under Rules 59 and 54(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1292(b) for certification for interlocutory appeal. The proposed extension is sought for the stated purpose of engaging in good faith settlement negotiations. Upon due consideration, the Court finds that the amended motion for extension should be granted in part and denied in part.

The Federal Rules of Civil Procedure provide that a court may for good cause extend the time for an act to be done, but "must not extend the time to act under Rule[] . . . 59(b), (d), and (e)." Fed. R. Civ. P. 6(b)(1)–(2). Therefore, under Rule 6(b)(2) of the Federal Rules of Civil Procedure, the deadline set by Rule 59 for the parties to file a motion to alter or amend the judgment or a motion for new trial is jurisdictional and cannot be extended by a court. *Leishman v. Associated Wholesale Elec. Co.*, 318 U.S. 203, 545 n.4, 63 S. Ct. 543, 87 L. Ed. 714 (1943); *Heck v. Triche*, 775 F.3d 265, 271 n.5 (5th Cir. 2014); *Ramirez v. Isgur*, 544 F. App'x 532, 533 (5th Cir. 2013) (per curiam). For these reasons, this Court cannot extend the parties' deadline to file a Rule 59 motion, and that portion of the amended joint motion for extension shall be denied.

The Fifth Circuit Court of Appeals has stated it has "jurisdiction over final decisions under 28 U.S.C. § 1291; certain interlocutory decisions under 28 U.S.C. § 1292; partial judgments certified as final pursuant to Federal Rule of Civil Procedure 54(b); and certain decisions under the collateral order doctrine." *Lewis v. Sheriff's Dep't Bossier Parish*, 478 F. App'x 809, 813 (5th Cir. 2012) (per curiam) (citing *Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988) (citation omitted)). "[Rule] 54(b) permits district courts to authorize immediate appeal of dispositive rulings on separate claims in a civil action raising multiple claims." *Gelboim v. Bank of Am. Corp.*, — U.S. —, 135 S. Ct. 897, 898–99, 190 L. Ed. 2d 789 (Jan. 21, 2015). "[28 U.S.C. 1292(b)] allows district courts to designate for review interlocutory orders 'not otherwise appealable,' where immediate appeal 'may materially advance the ultimate termination of the litigation.' " *Id.*, 135 S. Ct. at 906 (quoting 28 U.S.C. § 1292(b) (emphasis removed). The Court finds that the parties have stated sufficient reasons for such an extension and no authority can be found suggesting the Court cannot grant an extension of time for either of these purposes. Therefore, that portion of the amended joint motion for extension shall be granted.

ACCORDINGLY, the parties' joint motion for extension of deadlines [37] is GRANTED IN PART AND DENIED IN PART. The deadlines to file a motion under Rule 54(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1292(b) for certification for interlocutory appeal are hereby extended to Monday, August 31, 2015. The deadline to file a motion under Rule 59 may not be extended, as the same is jurisdictional.

Furthermore, the parties' initial joint motion for extension of deadlines [36] shall be DENIED AS MOOT.

An order in accordance with this opinion shall issue this day.

THIS, the 2nd day of July, 2015.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE